ELLEN F. ROSENBLUM
Attorney General
ROBERT E. SULLIVAN #983539
Senior Assistant Attorney General
ANDREW HALLMAN #083480
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Robert.Sullivan@doj.state.or.us
      Andrew.Hallman@doj.state.or.us

Attorneys for Defendant Frates

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KRISTEN WITHERS, as Personal Representative of the Estate of JAYSON MATTHEW WITHERS, KRISTEN WILSON, JACK WITHERS,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARLES FRATES, and JOHN DOES 1-10,<br><br>    Defendants. | Case No. 3:16-cv-01690-BR<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES<br><br>**JURY TRIAL DEMANDED** |

Defendant Charles Frates ("Frates") answers Plaintiff Kristen Withers complaint and admits, denies and alleges as follows:

1.

Denies paragraph 1.

Page 1 -  DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES
ADH/BJC/jdi/7871660-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

2.

Admits the allegations in paragraphs 2-4, except to deny that Divisional Venue is proper in the Portland Division and to deny that this Court can exercise jurisdiction over the state-law claims under the Eleventh Amendment, as alleged in the affirmative defenses set forth below.

3.

Admit paragraphs 5-10.

4.

Deny paragraphs 11-12.

5.

With respect to the allegations in paragraphs 13-16, Frates admits that Jayson Withers ("Withers") was an adult admitted to the custody of the Oregon Department of Corrections ("ODOC") on May 13, 2010 and was housed at the Eastern Oregon Correctional Institution ("EOCI") from June 22, 2010 to August 29, 2014 when he died. Frates lacks sufficient information or belief as to the truth of the remaining allegations and therefore denies them.

6.

Admit paragraph 17.

7.

With respect to paragraph 18, admit that ODOC has promulgated rules pertaining to the Use of Force, contained in Oregon Administrative Rules Chapter 291, Division 13. Frates denies plaintiff's characterization of those rules.

8.

With respect to paragraph 19, admit that Withers and another inmate, Cameron Hayes, were involved in a physical altercation with inmate Eric Sexton at EOCI. Upon information and belief the altercation was unilateral attack initiated by Withers and Hayes against Sexton. Officer Frates presently lacks sufficient information or belief as to how the inmates involved characterized the altercation.

Page 2 -   DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES
ADH/BJC/jdi/7871660-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

9.

With respect to paragraph 20, admit that Officers Suber and Bliss observed Withers and Hayes hitting and kicking Sexton on the yard, that they gave verbal directives to stop fighting, and that they ran towards the fight. Deny remainder.

10.

With respect to paragraph 21, Frates admits that he shot Withers in order to prevent an imminent risk of serious injury or death to Sexton. Deny remainder.

11.

With respect to paragraph 22, Frates admits that he did not fire a warning shot. Deny remainder.

12.

With respect to paragraph 23, Frates lacks sufficient information or belief as to how the inmates involved characterized the fight. Deny remainder.

13.

With respect to paragraph 24, Frates lacks sufficient information or belief regarding whether the fight lasted less than one minute and therefore denies that allegation.

14.

With respect to paragraph 25, Frates admits that the bullet or a portion thereof transited Withers' neck, and upon information and belief that Withers died from the resulting exsanguination. Frates presently lacks sufficient information or belief regarding the specific mechanism of Withers' death and therefore denies the remaining allegations.

15.

With respect to paragraph 26, Frates admits that he did not have time to fire a warning shot, and that he shot Withers to prevent an imminent risk of serious injury or death to Sexton. Deny remainder.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

16.

With respect to paragraph 27, Frates admits that Withers may be the first inmate mortally wounded by a shot from a tower in ODOC custody in over 30 years. Deny remainder.

17.

Admit paragraph 28.

18.

With respect to paragraph 29, admit that EOCI has video cameras and that a recording exists from one camera. Deny remainder.

19.

With respect to Paragraph 30, admit that Frates had fired a shot while on duty on one other occasion and that it was a warning shot. Deny remainder.

20.

With respect to paragraphs 31-32, admit that Officer Frates shot Withers because he believed inmate Sexton was in imminent danger of serious bodily harm or death. Deny remainder.

21.

With respect to paragraph 33, admit that Sexton was taken to the hospital following his injuries. Deny remainder.

23.

With respect to paragraph 34, Frates lacks sufficient information or belief as to how other inmates characterized the fight and therefore denies that allegation.

22.

With respect to paragraph 35-45, admit that ODOC has promulgated rules pertaining to the Use of Force, contained in Oregon Administrative Rules Chapter 291, Division 13. Frates denies plaintiff's characterization of those rules except where they are directly quoted from the applicable rule.

Page 4 -   DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES
ADH/BJC/jdi/7871660-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

23.

With respect to paragraph 46, Frates admits that Withers died as a result of this incident. Frates lacks information or belief with respect to the remainder of paragraph 46 and therefore denies it.

24.

With respect to paragraph 47, Frates admits that no charges were filed against him as a result of this incident. Frates lacks sufficient information or belief as to the remaining allegations concerning grand jury and therefore denies them.

25.

With respect to the claims for relief in paragraphs 48-71, Frates admits that he knowingly and intentionally shot Withers to prevent the imminent risk of death or serious physical injury to Sexton, and that the actions occurred while he was on duty. Deny remainder.

26.

Frates denies that plaintiff is entitled to any damages as alleged in paragraph 72.

27.

Except as expressly admitted herein, Frates lacks sufficient information to respond to the remaining allegations in plaintiff's Complaint and therefore denies them.

28.

Frates demands a jury trial on all claims for which a jury trial is available.

**FIRST AFFIRMATIVE DEFENSE:**
(Qualified immunity)

29.

Frates incorporates herein the admissions, denials, and allegations set forth above.

30.

Frates alleges that at all times relevant to plaintiff's Complaint, he reasonably believed that his conduct was lawful in light of clearly established law and the information available to

him; that he did act consistent with the laws of the United States and the State of Oregon; and his conduct violated no clearly established statutory or constitutional rights of which a reasonable official would have knowledge.

### SECOND AFFIRMATIVE DEFENSE:
(Failure to state a claim)

31.

Frates incorporates herein the admissions, denials and allegations set forth above.

32.

Frates denies that Plaintiff Kristen Withers second claim for relief alleges an independent violation of her rights under the Fourteenth Amendments and that it therefore fails to state a claim for relief.

### THIRD AFFIRMATIVE DEFENSE:
(Prison Litigation Reform Act)

33.

Frates incorporates herein the admissions, denials and allegations set forth above.

34.

Frates asserts all provisions of the Prison Litigation Reform Act to any of plaintiff's claims brought under 42 U.S.C. § 1983.

### FOURTH AFFIRMATIVE DEFENSE:
(OTCA – Substitution of State)

35.

Frates incorporates herein the admissions, denials and allegations set forth above.

36.

Frates was acting in the course and scope of his employment with the State of Oregon during all times relevant to this claim. As such, the only claim is against the State of Oregon pursuant to ORS 30.265(2).

Page 6 -   DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES
ADH/BJC/jdi/7871660-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### FIFTH AFFIRMATIVE DEFENSE:
(Eleventh Amendment Immunity)

37.

Frates incorporates herein the admissions, denials and allegations set forth above.

38.

Once substituted, the State of Oregon should be dismissed pursuant to the Eleventh Amendment to the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE:
(OTCA Immunity)

39.

Frates incorporates herein the admissions, denials and allegations set forth above.

40.

Frates and the State of Oregon are entitled to immunity under the OTCA for plaintiff's claim because it is "arising out of riot, civil commotion or mob action or out of any act or omission in connection with the prevention of any of the foregoing." ORS 30.265(6)(e).

### SEVENTH AFFIRMATIVE DEFENSE:
(ORS 161.205)

41.

Frates incorporates herein the admissions, denials and allegations set forth above.

42.

Frates and the State of Oregon are entitled to immunity for any state-law claims pursuant to ORS 161.205(2) based on Frates' reasonable belief that his use of physical force was necessary to maintain order and was authorized by law.

### EIGHTH AFFIRMATIVE DEFENSE:
(Statute of Limitations – John Doe Defendants)

43.

Frates incorporates herein the admissions, denials and allegations set forth above.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

44.

Plaintiff failed to name and identify the John Doe defendants within the applicable statute of limitations and all claims against them are therefore barred.

45.

Frates reserves the right to assert additional defenses as may become known to him through investigation and discovery.

**WHEREFORE**, Frates prays for judgment herein denying plaintiff relief and granting Frates his costs, disbursements and attorney fees incurred in the defense of this action.

DATED December  5  , 2016.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

   *s/ Andrew Hallman*
ROBERT E. SULLIVAN #983539
Senior Assistant Attorney General
ANDREW HALLMAN #083480
Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Robert.Sullivan@doj.state.or.us
Andrew.Hallman@doj.state.or.us
Of Attorneys for Defendant Frates

Page 8 -   DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES
ADH/BJC/jdi/7871660-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791